# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **SHAHER ISMAIL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 1456 |
| | ) | |
| **JOSEPH ROSA**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

After having been alerted by this Court's brief February 25, 2015 memorandum order that called attention to their noncompliance with the provision of LR 5.2(f) that requires the delivery of a courtesy copy of their Complaint to this Court's chambers, counsel for plaintiff Shaher Ismail ("Ismail") have just delivered such a copy together with the $100 fine called for by that order. This Court has promptly screened the Complaint and has noted two problematic aspects of that filing, to which it addresses this opinion.

To begin with, it would seem likely that Javed Malik ("Malik"), referred to as Ismail's partner in the Complaint's section captioned "OVERVIEW" (Complaint ¶ 1), may be a necessary co-plaintiff under Fed. R. Civ. P. ("Rule") 19. If Malik is not so joined, there is at least the theoretical possibility that a successful outcome for Ismail in this litigation might not preclude defendant Joseph Rosa ("Rosa") from separately advancing his yet-unadjudicated partnership claim against Malik, thus disrupting the goal that this declaratory judgment action seeks to accomplish.[1]

_____

[1] This Court is of course well aware that Malik might seek to invoke principles of defensive issue preclusion or defensive claim preclusion in response to any such attempt by

(continued)

That aside, Ismail's counsel have surprisingly (given the law firm's substantial experience in federal litigation) alleged the <u>residences</u> rather than the <u>states of citizenship</u> of each of the parties (see Complaint ¶¶ 2 and 3), even though the latter information comprises the essential facts in any action that invokes the diversity-of-citizenship branch of federal subject matter jurisdiction.[2] And on that score our Court of Appeals has repeatedly announced a Draconian mandate, as reconfirmed for example in <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004):

> When the parties allege residence but not citizenship, the district court must dismiss the suit.

This Court has always been reluctant to force a plaintiff's counsel to waste the time and paper required to prepare a full-blown do-over complaint that revises only the allegations at issue here. Instead this Court will obey the mandate exemplified by the <u>Adams</u> decision and dismiss the suit, while at the same time noting that Rule 59(e) will allow Ismail's counsel to file a motion to alter or amend the judgment of dismissal within 28 days -- but if counsel does so, this Court would entertain the motion at the cost of Ismail's payment of another $400 filing fee (the same result that would obtain if the <u>Adams</u> mandate were carried out in full).

_____
Milton I. Shadur

Date: February 27, 2015          Senior United States District Judge

_____
(footnote continued)
Rosa. That however could, as Complaint ¶ 1 puts it, interfere with Ismail's (and Malik's) ongoing business relationships with the parties that have assertedly acquired TCC Wireless, Inc.

[2] That requirement might conceivably interact with the one referred to in the first paragraph of the text of this opinion, if it were to develop that Rosa and Malik were citizens of the same state.